IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1279 (MN) |
| | ) |
| CONNECTIONS COMMUNITY SUPPORT | ) |
| PROGRAMS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

1. **Introduction.** Plaintiff Richard C. Hunt ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). On November 15, 2018, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and dismissed it as time-barred. (D.I. 7, 8). Plaintiff has filed a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), construed by the Court as a motion for reconsideration. (D.I. 9).

2. **Motion for Reconsideration.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

3. Plaintiff moves for reconsideration on the grounds that he filed the same lawsuit in 2015, *Hunt v. Lynch*, C.A. No. 15-1095-GMS, the Court identified what appeared to be cognizable and non-frivolous claims, and a service order was entered. *See* C.A. No. 15-1095-GMS, at D.I. 8. The case was dismissed without prejudice on February 24, 2017, for Plaintiff's failure to show cause why the case should not be dismissed for failure to timely serve process. *Id.* at D.I. 27.

4. Plaintiff refiled the matter as this case on August 13, 2018. It was dismissed as time-barred on November 15, 2018. (D.I. 8). Plaintiff does not address the statute of limitations issue in his motion for reconsideration. Instead, he dwells on the service issue and the fact that he has now provided addresses to effect service of Defendants. He asserts that he is of mentally diminished capacity but is receiving assistance from the prison law library staff. Also, he asserts he is now aware that he needs an affidavit from an expert for any medical negligence claim.

5. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

6. It is well settled that "a statute of limitations is not tolled by the filing of a complaint dismissed without prejudice. As regards the statute of limitations, the original complaint is treated as if it never existed," *Cardio-Medical Associates v. Crozer-Chester Medical Center*, 721 F.2d 68,

77 (3d Cir. 1983) (citations omitted), and "the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing," *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (citations omitted). Without such a rule a plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it. *Elmore*, 227 F.3d at 1011.

7. Plaintiff cannot escape the fact this his claim is time barred. Plaintiff claims that his medical needs claim continued through September 2014. Giving Plaintiff the benefit, the Court considers September 30, 2014 as the date Plaintiff's claim accrued. As discussed above, Plaintiff first timely filed his medical needs claim in C.A. No. 15-1095-GMS, and the claim was dismissed without prejudice when he failed to serve the defendants. The limitation period continued to run and had expired when Plaintiff commenced this action on August 21, 2018.

8. Plaintiff's motions fail on the merits because he has not set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, the motion for reconsideration will be denied.

9. **Conclusion.** The Court will deny the motion for reconsideration. (D.I. 9). An appropriate order will be entered.

/s/ Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge

January 16, 2019
Wilmington, Delaware

3